UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DAVID MCGLYNN,

                              Plaintiff,

            v.

SINOVISION INCORPORATED,

                              Defendant.

23 Civ. 4826 (DEH)

**OPINION
AND ORDER**

DALE E. HO, United States District Judge:

        Plaintiff David McGlynn, a photographer, brings this copyright suit against Defendant

Sinovision Incorporated ("Sinovision"), the owner and operator of the website

www.sinovision.net.  McGlynn alleges that Sinovision is using a photograph he took of the

Hamilton Fish Park Pool on its website without permission.  Defendant moves to dismiss the

Complaint as time-barred, arguing that McGlynn has had constructive notice of Defendant's use

of the photograph for longer than the applicable statute of limitations.  For the reasons given

below, Defendant's motion is **DENIED**.

## BACKGROUND

        The following facts are taken from the Complaint and are assumed to be true solely for

purposes of adjudicating Defendant's motion.  *See Buon v. Spindler*, 65 F.4th 64, 69 n.1 (2d Cir.

2023).[1]

        Plaintiff is a professional photographer, with active and valid copyright registrations for

many of his photographs.  *See* Compl. ¶¶ 10, 12, ECF No. 1.  On July 12, 2015, Plaintiff took a

_____

[1] In all quotations from cases, the Court omits citations, footnotes, emphases, internal quotation
marks, brackets, and ellipses, unless otherwise indicated.  All references to Rules are to the
Federal Rules of Civil Procedure.

photograph of the Hamilton Fish Park Pool, 
reproduced to the right.  *See id.* ¶ 18, Ex. 1.  Plaintiff
applied for copyright registration of the photograph
with the U.S. Copyright Office on March 7, 2017,
and received the registration the same day.  *See id.*
¶¶ 19-20.

Defendant Sinovision is a Delaware corporation with a principal place of business in
New York.  *See id.* ¶ 6.  Sinovision owns and operates www.sinovision.net, a Chinese language
website that displays revenue-generating advertisements.  *See id.* ¶¶ 14-15, 17, Ex. 2.

On April 11, 2022, Plaintiff first observed a copy of the photograph at issue displayed on
Defendant's website in a news article dated July 13, 2017.  *See id.* ¶ 21.  The displayed image is
an exact copy of Plaintiff's original photograph.  *See id.* ¶ 27.  The display of his photograph has
increased traffic to Defendant's website, causing an increase in its advertising revenue.  *See id.*
¶ 35.  On June 8, 2023, Plaintiff filed this suit, alleging copyright infringement.  *See id.*

## LEGAL STANDARDS

"To survive a motion to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Sacerdote v. New York
Univ.*, 9 F.4th 95, 106 (2d Cir. 2021) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "In
assessing the complaint, [a court] must construe it liberally, accepting all factual allegations
therein as true and drawing all reasonable inferences in the plaintiffs' favor."  *Id.* at 106-07.
However, the court must disregard any "conclusory allegations, such as 'formulaic recitations of
the elements of a cause of action.'"  *Id.* at 107 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.
544, 555 (2007)).  "The pleading requirements in the Federal Rules of Civil Procedure . . . do not
compel a litigant to anticipate potential affirmative defenses, such as the statute of limitations,

and to affirmatively plead facts in avoidance of such defenses." *Abbas v. Dixon*, 480 F.3d 636, 640 (2d Cir. 2007). However, a motion to dismiss based on an affirmative defense is permissible "where the facts necessary to establish the defense are evident on the face of the complaint." *Spinelli v. Nat'l Football League*, 903 F.3d 185, 199 (2d Cir. 2018).

## DISCUSSION

Defendant's motion is denied. Defendant argues that Plaintiff's suit is time-barred because he had constructive notice of any alleged infringement more than three years prior to filing this suit. This argument fails because it is not apparent from the face of the Complaint that Plaintiff, with due diligence, should have discovered any infringement prior to April 2022, when he alleges that he received actual notice of the infringement.

A copyright action must be brought "within three years after the claim accrued." 17 U.S.C. § 507(b). In this Circuit, copyright infringement claims accrue upon "actual or constructive discovery of the relevant infringement." *Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 125 (2d Cir. 2014). Constructive discovery occurs when the copyright holder "with due diligence should have discovered[] the infringement (the so-called 'discovery rule')." *Id.* at 124. A defendant raising a statute of limitations defense based on constructive discovery bears the burden of establishing that a plaintiff should be charged with constructive notice of alleged infringement. *See Baron A. Wolman Archives Tr. through Wareham v. Complex Media, Inc.*, No. 20 Civ. 152, 2022 WL 523597, at *4 (S.D.N.Y. Feb. 22, 2022). "The standard for whether a plaintiff should have discovered the relevant infringement is an objective one." *PK Music Performance, Inc. v. Timberlake*, No. 16 Civ. 1215, 2018 WL 4759737, at *7 (S.D.N.Y. Sept. 30, 2018).

The Second Circuit's decision in *Sohm v. Scholastic Inc.*, 959 F.3d 39 (2d Cir. 2020), provides the most recent guidance on the issue of constructive discovery, holding that a plaintiff

is on constructive notice of copyright infringement only when some fact or circumstance should prompt him or her to inquire further.  There, the parties had entered into a set of license agreements and, upon discovering that the defendant had exceeded the scope of the licenses in publishing various photographs, the plaintiff sued.  *Id.* at 42.  The Circuit held that a district court had properly applied the discovery rule in denying a motion for summary judgment based on the statute of limitations over the defendant's argument that the photographer had constructive notice of any infringement.  *Id.* at 50-51.  The Circuit expressly rejected the defendant's argument for constructive notice, which sought to assign blame on the plaintiff's failure to "conduct[] an audit or contact[] his agents to inquire about payments [for defendant's infringing uses] despite having the ability to do so."  *Id.* at 51.  The Circuit reasoned that "without identifying facts or circumstances that would have prompted such an inquiry, [the defendant] cannot rely on the passage of time alone to establish that [the plaintiff] should have discovered the alleged copyright infringements."  *Id.*

Here, Defendant offers no specific facts, circumstances, or warning signs that would have prompted a reasonable copyright holder in Plaintiff's position to initiate an inquiry that would have led him to discover the alleged infringement of the photograph at issue at some point before he actually discovered it.  Instead, Defendant points to Plaintiff and his counsel's other litigation, arguing that Plaintiff is the type of sophisticated actor who ought to have discovered the alleged infringement much earlier.  Defendant's argument can be boiled down to the following: Plaintiff is a serial litigant who has commenced dozens of lawsuits alleging copyright infringement, assisted by counsel who bring numerous copyright cases with boilerplate complaints.  This suggests Plaintiff and his counsel are using reverse-image searching technology to identify potential infringement.  As a relatively sophisticated party, Plaintiff should have, with due diligence, inquired into and discovered Defendant's alleged infringement much earlier than April

11, 2022, making his suit untimely.  *See generally* Def.'s Mem. of Law in Supp. of its Mot. to Dismiss ("Def.'s Brief"), ECF No. 17.

In support of its argument, Defendant cites and extensively quotes three cases from this District granting motions to dismiss on similar grounds.  *Minden Pictures, Inc. v. Buzzfeed, Inc.*, 390 F. Supp. 3d 461 (S.D.N.Y. 2019), relied upon "the relative sophistication" of the plaintiff—namely, that the plaintiff was "a seasoned litigator that ha[d] filed 36 lawsuits to protect its copyrights" in the preceding ten years—to find that, "a reasonable copyright holder in [the plaintiff's] position . . . should have discovered, with the exercise of due diligence," the alleged infringement sooner, specifically rejecting the plaintiff's allegation "that it had no reason to discover the alleged infringement."  390 F. Supp. 3d at 467.

*Minden Pictures, Inc. v. Complex Media, Inc.*, No. 22 Civ. 4069, 2023 WL 2648027 (S.D.N.Y. Mar. 27, 2023) employed similar reasoning to reach the same conclusion.  There, the Court noted that the plaintiff was "the very same seasoned litigator," from *Buzzfeed, Inc.*, whose total number of lawsuits had only increased in the intervening years.  *Id.* at *3.  The Court further noted that the Complaint alleged the plaintiff's use of "sophisticated methods to detect infringing images," and its "working diligently to detect online infringements of its works[] and enlisting technology companies that crawl the internet to identify infringing uses."  *Id.*  Given these facts, it was not plausible that the plaintiff, a photography licensing agency which admitted it used technology to "crawl[] the internet" to detect online infringement, would not have discovered the infringing use during the nearly ten years after the photographs at issue were posted.  *Id.* at *1.

Finally, *Michael Grecco Prods., Inc. v. RADesign, Inc.*, No. 21 Civ. 8381, 2023 WL 4106162, at *3 (S.D.N.Y. June 20, 2023), *appeal docketed*, No. 23-1078 (2d Cir. July 20, 2023), also relied on Plaintiff's own allegations of its sophistication in detecting infringement.  After stating that "it is of course true that a copyright plaintiff does not have a duty to police the

internet to discover infringing uses of their work," the Court cited the Complaint's allegations
that the plaintiff "was particularly sophisticated in regularly seeking out and discovering online
infringing uses, . . . spends time and money to actively search for hard-to-detect infringements,
and . . . even described these methods in an interview providing a 'how-to' guide to prospective
copyright infringement claimants." *Id.* at *3.  Therefore, "even setting aside the 130-plus
infringement lawsuits [the plaintiff] ha[d] previously filed," the Court concluded that the plaintiff
"should have discovered, with the exercise of due diligence," the alleged violations. *Id.* at *2-3.
Defendant argues the reasoning of this line of cases, and the extensive litigation history of
Plaintiff and his counsel in this and other proceedings, requires dismissal of Plaintiff's claims as
untimely.[2]

The reasoning of these cases—i.e., that certain copyright holders are particularly
sophisticated, and therefore should be expected to discover alleged infringements more readily
than perhaps an ordinary copyright holder—has not been universally adopted. *See RADesign*,
*Inc.*, 2023 WL 4106162, at *3 ("[C]ourts in this district have not uniformly accepted the
rationale applied by [*Buzzfeed, Inc.*], and the Second Circuit has not yet weighed in either
way.").[3]  In any event, the cases cited by Defendant are distinguishable.  With respect to

---

[2] At oral argument held on February 7, 2024, Defendant also cited *Lixenberg v. Complex Media,
Inc.*, No. 22 Civ. 354, 2023 WL 144663 (S.D.N.Y. Jan. 10, 2023).  *Lixenberg* relied on *Buzzfeed,
Inc.* to grant a motion to dismiss where the plaintiff was a "seasoned litigator," who had filed
"nearly twenty lawsuits since 2015, including thirteen in this [D]istrict." *Id.* at *3.  The Court
noted that the plaintiff had in fact filed two lawsuits claiming infringement of the same
photograph at issue and held that she "was fairly put on inquiry notice . . . given the other
lawsuits she had filed, and would continue to file." *Id.* at *3 & n.3.  There is no similar
allegation that the Plaintiff here has previously sued to enforce his rights to the photograph at
issue in this case.

[3] Other courts in this District have departed from *Buzzfeed, Inc.* and its progeny or distinguished
the facts of those cases.  *See, e.g.*, *Gaffney v. Muhammad Ali Enters. LLC*, No. 20 Civ. 7113,
2021 WL 3542256, at *3 (S.D.N.Y. Aug. 10, 2021) (finding that the plaintiff's sending of a
cease-and-desist letter to defendant that did not mention any specific photograph or indicate

*Buzzfeed, Inc.* and *Complex Media*, the plaintiff in those cases was a "photography licensing agency," whose purpose was to "license[] the work of photographers and market[] them on its website and other platforms." *Complex Media, Inc.*, 2023 WL 2648027, at *1; *accord Buzzfeed, Inc.*, 390 F. Supp. 3d at 464-65. And in *Complex Media*, the plaintiff alleged specifically that it "uses sophisticated methods to detect infringing images, working diligently to detect online infringements of its works, and enlisting technology companies that crawl the internet to identify infringing uses." *Complex Media, Inc.*, 2023 WL 2648027, at *2. There are no similar allegations that the Plaintiff in this case, an individual photographer, uses similar technology. *Cf. Baron A. Wolman Archives*, 2022 WL 523597, at *4 (declining to charge plaintiff with constructive discovery where there was "only speculation that [the plaintiff] could have used image reverse software to locate allegedly infringing photographs online"). Moreover, the defendants in those cases operated prominent websites, such as buzzfeed.com, *see Buzzfeed, Inc.*, 390 F. Supp. 3d at 464, and complex.com, *see Complex Media, Inc.*, 2023 WL 2648027, at *1. By contrast, Defendant here operates a Chinese-language website, and Plaintiff's ability to even read the website's text is unknown on the face of the Complaint. *See* Compl. ¶ 16.

The plaintiff in *RADesign, Inc.* was an entity whose principal is an individual photographer like Plaintiff. *RADesign, Inc.*, 2023 WL 4106162, at *1 (describing him as an "award winning commercial photographer and film director" who is "noted for his celebrity portraits"). But in that case, the plaintiff had alleged that it "was particularly sophisticated in

---

awareness of any infringing conduct was insufficient to establish his constructive notice of the specific infringement). Those decisions generally rely on the idea that copyright plaintiffs do not have "a general duty to police the internet for infringement." *Parisienne v. Scripps Media, Inc.*, No. 19 Civ. 8612, 2021 WL 3668084, at *4 (S.D.N.Y. Aug. 17, 2021); *accord Hirsch v. Rehs Galleries, Inc.*, No. 18 Civ. 11864, 2020 WL 917213, at *5 (S.D.N.Y. Feb. 26, 2020) (similar); *PK Music Performance, Inc.*, 2018 WL 4759737, at *8 (similar). Guidance may be coming soon, as one of these cases, *RADesign, Inc.*, is currently pending before the Circuit. *See* No. 23-1078 (2d Cir., *appeal docketed* July 20, 2023).

regularly seeking out and discovering online infringing uses." *Id.* at *3.  That fact was of central importance to the reasoning of that case.  *See id.* ("[E]ven setting aside the 130-plus infringement lawsuits Plaintiff has previously filed, with allegations [of its technological sophistication in identifying infringement] appearing in its own pleadings, it is clear from the face of the complaint that Plaintiff's claims are barred as a matter of law."); *see also id.* at *3 (limiting its holding to the application of the discovery rule to the specific allegations in the complaint and noting that "other cases may present allegations which rightfully survive motions to dismiss under the discovery rule").  Finally, the defendants in that case had published several of the plaintiff's photographs in both a magazine and on social media.  *See id.* at *1.

Notwithstanding these differences, Defendant asks the Court to determine that the Plaintiff here is particularly sophisticated and ought to be charged with constructive notice of the alleged infringement in this case upon publication (in 2017), because this postdates when he began working with counsel to enforce his copyrights (at some time in 2016).  To reach that conclusion, Defendant requests that the Court take judicial notice of other copyright infringement cases filed by Plaintiff's counsel, past and present, and suggests that Plaintiff discovered the alleged infringement through reverse-image searching.  *See* Def.'s Brief 6-10.  As to the latter point, there are no allegations in the Complaint regarding reverse-image searching by the Plaintiff; as noted, there is no basis for this Court, on a 12(b)(6) motion, to assume that Plaintiff has used this technology based merely on his choice of counsel.

All that remains is Plaintiff's and his counsel's history of litigation.  But the Court declines to conclude that Plaintiff's record of past lawsuits alone—which may speak to the prevalence of copyright infringement just as much as to Plaintiff's sophistication—without anything more, constitutes the kind of "facts or circumstances" sufficient to charge the Plaintiff

with constructive discovery of the alleged infringement under the Second Circuit's decision in *Sohm*. *See* 959 F.3d at 50-51.

This is not to say that Defendant's statute of limitations argument is totally foreclosed. Discovery into how Plaintiff first observed his photograph on Defendant's website may support Defendant's allegations regarding Plaintiff's use of technology to identify potential infringement. A developed factual record about Plaintiff's use of such technology (and, perhaps, its efficacy) may suggest that a reasonable copyright holder in Plaintiff's position should have been on notice of Defendant's alleged infringement more than three years prior to the filing of this suit. *See PK Music Performance, Inc.*, 2018 WL 4759737, at *9 (finding no constructive notice prior to actual notice "based upon the allegations in the Complaint," and noting that "this is not a factual finding, [and] does not preclude Defendants from raising the issue of notice at a later date."). Discovery into these and other issues could, in theory, support a motion for summary judgment. *Cf. Sohm*, 959 F.3d at 51 (affirming a denial of summary judgment where the defendant "had failed to identify some affirmative evidence that would have been sufficient to awaken inquiry and prompt an audit"). But there is no adequate basis in this procedural posture—a motion to dismiss based on an affirmative defense—to charge the Plaintiff with constructive notice of Defendant's alleged infringement prior to his actual discovery of it.

Of course, if the Second Circuit's decision in *RADesign, Inc.* clarifies the law in a manner that would compel a different result, Defendant may bring such authority to the Court's attention in connection with a future motion. However, given the current state of the law, Defendant has not demonstrated that "the facts necessary to establish the defense are evident on the face of the complaint." *Spinelli*, 903 F.3d at 199.

**CONCLUSION**

For the reasons given above, Defendant's motion to dismiss is **DENIED.**  By **March 1, 2024**, the parties shall meet and confer and file a joint status letter.  The letter shall state whether the parties request a referral for settlement discussions before the assigned Magistrate Judge or through the District's Mediation Program.  The parties shall also attach a proposed case management plan, available at https://www.nysd.uscourts.gov/hon-dale-e-ho.

SO ORDERED.

Dated: February 15, 2024
       New York, New York

_____
            DALE E. HO
        United States District Judge

10